## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **JUSTIN MUNIZ, MOHAMMED BELAABD, NELSON QUINTANILLA, JOSE DILONE, and VICTOR AMARO, on behalf of themselves and all others similarly situated,** | ) ) ) ) ) ) ) | **CIVIL ACTION NO.  4:18-11905-TSH** |
| **Plaintiffs,** | ) ) |  |
| **v.** | ) ) |  |
| **RXO LAST MILE, INC.,** | ) ) |  |
| **Defendant.** | ) ) ) |  |

## ORDER AND MEMORANDUM ON PLAINTIFFS' MOTION TO COMPEL (Docket No. 183)

### 6/7/2023

**HILLMAN, S.D.J.**

Plaintiffs Justin Muniz, Mohammed Belaabd, Jose Dilone, and Victor Amora bring this action, on behalf of themselves and all others similarly situated, against defendant RXO Last Mile, Inc. ("RXO").[1] The plaintiffs are delivery drivers who contracted with RXO, a federally authorized freight forwarder, to deliver appliances and other large consumers goods for RXO's retail clients. The plaintiffs allege that RXO misclassified them as independent contractors and unlawfully deducted wages from their pay in violation of the Massachusetts Wage Act, M.G.L. c. 149, §§ 148 and 150. This Court previously granted the plaintiffs' motion to certify the class. (Docket No. 147). However, the parties cannot agree on who is in the class nor on the proper

---

[1] This Court previously found that Nelson Quintanilla does not qualify for the certified class. (Docket No. 147, at 11).

method of notice. The defendant has refused to give plaintiffs' counsel—the class administrator, per this Court's order (Docket No. 157)—the requested class list. Plaintiffs moved to compel the list. (Docket No. 183). For the reasons below, this Court **_grants_** in part and **_denies_** in part plaintiffs' motion.

## Background

The relevant background can be found in this Court's order on class certification. (Docket No. 147). Following certification, the parties were unable to agree on the wording of class notice and this Court was forced to devise appropriate notice. (Docket No. 157). The plaintiffs have since moved for partial summary judgment. (Docket No. 161). However, in the meantime, the plaintiffs and defendant have again come to an impasse over class notice.

The class is limited, among other things, to contractors who worked for RXO "full-time in Massachusetts." The parties agree that at least some of the class members delivered some portion of the goods and/or originated some portion of their days outside of Massachusetts. The plaintiffs contend that class notice should be sent to everyone on the list RXO created during discovery in response to an interrogatory from plaintiffs which included the modifier "in Massachusetts." Defendant contends that the term "in Massachusetts" must be interpreted narrowly in light of choice of law concerns and have articulated such a definition, discussed below, and refuse to send the information of anyone on the list who it deems outside of the class. Plaintiffs object to the interpretation on two grounds: first, they argue that class notice should be sent to everyone on the list, and that individual member's recovery can be determined later, second, they argue that defendant's choice of law concerns are overblown.

This Court issued an order requesting additional briefing on the interpretation of "in Massachusetts," but noted that it rejected defendant's original position. The plaintiffs sent

additional briefing, putting forward three different possible interpretations of the term "in Massachusetts." The defendant rejected them, arguing that they were not valid interpretations and reemphasized the choice of law issues. However, the defendant did not offer any alternative interpretations.

Finally, the Court notes that the defendant is engaged in similar litigation in Connecticut where the plaintiffs are represented by the plaintiffs' counsel in this litigation. The plaintiffs' counsel represent that a similar impasse is facing the Connecticut litigation.

## **Discussion**

### *1. Class Notice*

The plaintiffs frame this dispute in terms of class notice and argue that the methodology for sending out notice only needs to be "the best practicable under the circumstances." Fed. R. Civ. Proc. 23(c)(2) (commentary). A notice methodology is only rejected as overbroad if it "bears no reasonable relationship to the membership in the class." *Victorino v. FCA US LLC*, No. 16-cv-1617-GPC(JLB), 2020 WL 5064295, at *2-*3 (S.D. Cal. Aug. 27, 2020) (collecting cases). In general, courts prefer to "err on the side of comporting with due process and providing broad notice rather than unnecessarily increasing the risk of absent plaintiffs being bound by judgment in class actions about which they did not know." *In re Amla Litig.*, 328 F.R.D. 127, 133–34 (S.D.N.Y. 2018) (citation omitted). With that in mind, most of defendant's arguments that plaintiffs' "definition" is overbroad fall flat because this Court would prefer for non-class members to receive notice than for class members to not receive it.

Nonetheless, while other Courts in similar litigation have used similar language in class certification orders without issue, *DaSilva v. Border Transfer of MA, Inc.*, 296 F. Supp. 3d 389, 396 (D. Mass. 2017) ("in Massachusetts"); *Vargas v. Spirit Delivery & Distribution Servs., Inc.*,

245 F. Supp. 3d 268, 285 (D. Mass. 2017) ("Massachusetts based"); *see also Martins v. 3PD Inc.*, 2014 WL 1271761, at *10 (D. Mass. Mar. 27, 2014) (class definition lacks geographic qualifier), the parties are unable to agree upon what "in Massachusetts" means in this litigation. And, this Court cannot determine whether the notice methodology is overbroad without ascertaining the definition of the class. Unlike in a products liability class action, the possible universe of class members is known—the defendant has records of everyone who signed a contract with RXO, another requirement of membership in the class. Thus, the Court sees no value in clarifying the meaning of "in Massachusetts" *after* class notice is given. In doing so, it takes into account defendant's concerns about double recovery, choice of law issues, and the most natural meaning of the words.

### 2.  Double Recovery

The defendant expresses concerns that a broader definition will lead to double recovery for some individuals who might qualify for both the Connecticut and the Massachusetts classes. Counsel for both parties have been conferring to minimize the chances of duplicate notice. Nothing in this Court's order should prevent counsel from continuing to work together to prevent duplicative notice to the Massachusetts and Connecticut classes. And no individual can recover as a member of both classes.

### 3.  Choice of Law

Despite a relatively broad reach, not everyone with a tenuous business connection to Massachusetts is covered by Massachusetts' wage laws. *Viscito v. Nat'l Planning Corp.*, 34 F.4th 78, 85-87 (1st Cir. 2022). However, the defendant overreads *Viscito*. There, the plaintiff had a more significant relationship with both Florida and California than with Massachusetts. *Id.* at 84. The defendant argues that some putative class members might have a tenuous connection with

Massachusetts but never identifies which other state would have a more significant relationship, such that Massachusetts' wage laws would not apply. Indeed, courts in Massachusetts have applied wage laws where the plaintiff has a tenuous connection to Massachusetts, but that connection is stronger than a connection to any other particular state. *Dow v. Casale*, 83 Mass. App. Ct. 751, 757-58, 989 N.E.2d 909, 914 (2013) ("given the particular nature of Dow's work, his employment with Starbak had no substantial relationship to any place but Massachusetts."); *see also Wilson v. Recorded Future, Inc.*, No. 22-cv-11105-IT, 2023 WL 3082225, at *5 (D. Mass. Apr. 19, 2023); *DaSilva*, 296 F. Supp. 3d at 400. That said, choice of law concerns should inform—not dictate—the interpretation of "in Massachusetts" in the class certification order.

### 4.  Interpreting "in Massachusetts"

The defendant takes the position that "in Massachusetts" qualifies "full-time." Because "full-time" is defined by a set of three criteria, it argues that the phrase "in Massachusetts" qualifies each criterion. The class certification order defines full-time as:

> [P]ersonally making deliveries [(a)] at least 80 percent of the days [RXO LM] assigns routes to the contractor [(b)] for at least three months and [(c)] who average performing deliveries for XPO at least four days a week during that time span.

(Docket No. 147, at 14).[2] Defendant defines any day where a delivery originated from or ended up in Massachusetts as a "Massachusetts day." However, defendant applies it to each criterion for full-time work, severely limiting the class. Under defendant's definition, the (a) criteria is only met if 80% of the deliveries are made on Massachusetts days and the (c) criteria is calculated by only counting Massachusetts days. So, an individual who personally delivers 100% of his deliveries, 79% of which are delivered in Massachusetts, is not part of the class under

---

[2] Per the modification order, though not relevant to the current motion, weeks where the individual operated more than five trucks do not count as "full-time" work. (Docket No. 157, at 2).

defendant's definition. Similarly, an individual who averages five delivery days a week, but only three in Massachusetts, is not part of the class under defendant's definition. While that definition would largely avoid choice of law issues by excluding individuals not covered by Massachusetts' wage laws, it does so by excluding some—perhaps many—who *are* covered by Massachusetts' wage law. More importantly, the defendant's definition also fails to comport with common sense. Under that definition, the Patriots do not play "in Massachusetts." After all, they only play eight or nine games in a given season at Foxborough (that is, 47%-53% of the season). This Court cannot allow a definition that seems plainly calculated to limit the class as much as possible.[3]

A more natural reading is that the full-time work must occur "in Massachusetts," which is defined separately from the criteria defining "full-time." In light of the plaintiffs' submissions, common sense, and the choice of law issues, this Court finds that "in Massachusetts" means:

> An individual who reported to a facility in Massachusetts more often than to a facility in any other state for at least four weeks during the class period OR who made at least 60% of their deliveries in Massachusetts for at least four weeks during the class period.

Class notice should be limited to the members of the class because, as discussed above, the entire possible class is already known to the parties.

The defendant argues that this is not an "interpretation" but a "modification" of the class order that was never briefed. The defendant cannot propose an interpretation of a phrase in the class definition that defies common sense at this point in the litigation and claim more plausible interpretations are "modifications" that require additional briefing. The phrase "in Massachusetts" was in the original proposed class definition. Previous defendants have lodged

---

[3] The defendant's definition leads to a class of 126. In contrast, the plaintiffs represent that at least 212 individuals regularly performed deliveries out of Massachusetts facilities or performed deliveries in Massachusetts at least 60% of the time.

complaints against identical language in similar cases at the class certification stage. *Da Silva*, 296 F. Supp. at 398-400. The defendant had an opportunity to object to the language in its opposition to the motion for class certification and during the later dispute over the precise language of the class definition and class notice and failed to do so. And, as discussed above, numerous class certifications involving Massachusetts' wage laws have used similar language with no apparent confusion. The defendant also argues this merits decertification because of the choice of law issues (again, an argument not raised prior to class certification). It may turn out that there are individuals in the certified class who do not meet the threshold in *Viscito* for the application of the Massachusetts wage laws. However, this Court is skeptical absent specific evidence that those cases are so numerous as to defeat the commonality of the proposed class.

It is advisable that class notice is issued to the class before this Court issues a summary judgment order. *Cf. Rodriguez v. Banco Cent.*, 790 F.2d 172, 175 (1st Cir. 1986). Therefore, this Court will not issue its summary judgment order until class notice has been actually distributed. However, the Court is cognizant that this litigation has gone on for nearly five years and does not wish to stall its progress. Accordingly, the defendant has fourteen days to provide plaintiffs with a notice list consistent with the definition of "in Massachusetts" above, and the plaintiffs have fourteen days after receiving the information to issue class notice to the putative class and will notify the Court on the docket when they have done so. In accordance with the class notice devised by this Court, (Docket No. 157), the summary judgment order will issue forty-five days after class notice is issued by the plaintiffs.

## <u>Conclusion</u>

For the reasons above, the Court ***<u>grants</u>*** the plaintiffs' motion to compel the class list in part and ***<u>denies</u>*** it in part.

**SO ORDERED**

/s/ *Timothy S. Hillman*

**TIMOTHY S. HILLMAN**

**SENIOR DISTRICT JUDGE**